My name is Tony Gallagher. I'm the Federal Defender for the District of Montana. I represent Mr. Ensminger in this manner. Rule 11-2-D-2-B indicates a defendant may withdraw his guilty plea after its acceptance but before sentencing if the defendant shows a fair and just reason for withdrawal. It is Mr. Ensminger's position that because of the intervening decision in powers, albeit a Middle District of Florida District Court case on April 18, 2008, a fair and just reason was presented to the District Court, which was the legal underpinning for the motion to withdraw a guilty plea in Ensminger's claim of legal innocence. As the Advisory Committee notes to the rule which preceded Rule 11-D-2-B said, whether the defendant has asserted his legal innocence is an important factor in deciding a motion to withdraw a guilty plea. Mr. Ensminger admits that the prior cases cited by the parties, Ortega, Knowles, Presley, and the like, all involve a legal basis decision from either the Supreme Court or a circuit court. But it's Mr. Ensminger's position that a District Court decision such as the one in powers speaks to the issue of legal innocence and does therefore present a fair and just reason for withdrawal of the guilty plea. Mr. Gallagher, can you help me with the procedural history here? When did Mr. Ensminger enter his plea? Was it before or after the time period for filing of motions? The guilty plea? Yes. It was after the time for the filing of motions. Okay. So is there some reason why?  Well, Your Honor, Mr. Ensminger, I think the position at that time was that there were, and the government has pointed this out quite correctly in its brief, that there were a number of district-level cases. There were no circuit-level cases at this point, but there were a number of district-level cases which established a position in opposition to Mr. Ensminger's position later on. And I think the decision was merely made that it looked like the law was going against us, and therefore the guilty plea and the resultant negotiations, or the negotiations with the government and the resultant guilt and plea were entered without the filing of the motion. But how does one more out-of-circuit District Court decision tip the balance? Actually, Your Honor, it wasn't one more. It was one. That was the one. And I think the decision was made, well, at least somebody has found this thing unconstitutional. I'd like to bring this to the attention of the court. Now I'm in a position, though I've already pled guilty, my only way to do that is present a fair and just reason. And here's my fair and just reason. There's this Middle District of Florida case that says – I'm sorry. Maybe I misunderstood.  No, that not had come out that way. Right. There were District Court cases that came out the opposite way. I'm sorry. They said this is fine, it's constitutional, it's under 42, that's fine, it's under Title 18, it's fine. So it was the first one to recognize the argument. It was the first one to affirm the argument, or to say that that argument is a valid basis for dismissal of the indictment. And so, at least at that point, Mr. Ensminger's position was, ooh, I'm in a different position now. And I have this – I can legitimately go to the District Court and say, I have a fair and just reason for asking the court to allow me to withdraw the guilty plea, and now to allow you to look at this on our motion to dismiss, which would be filed had the withdrawal motion been permitted. What happens down the road if we affirm the decision not to allow your client to withdraw the guilty plea? Conviction then stands. And eventually, although I think it – I'm all just saying it's possible – eventually, the Ninth Circuit or even the Supreme Court says, with respect to people who have – in your client's position, the statute is unconstitutional, and therefore there is no – he's innocent, there is no statute that forbids what he did. What happens to him? Is habeas available to him in that circumstance? I think habeas might be available to him, but under AEDPA, it has to be within the one year. So the clock's running for Mr. Ensminger. If he doesn't raise this issue, if the turn of events that you've described, Judge Fletcher, doesn't go his way, after a year, he's done. Well, would there be an exception to the one year for that? There may be, not being the habeas expert that I wish I was at this moment in my life. Or maybe you can do a protective filing just to be – There may be a protective filing indeed, but, you know, that's Mr. Ensminger's choice at that point. And I can't predict what he would do. But, yes, 2255 would be his only option. And how long was the sentence? I can't remember. I should be able to, but I can't. Twenty-one month sentence. Twenty-one sentence, three years supervised release. So if the – what I think is the improbable – if the improbable happens, he's probably already out, at least on supervised release, by the time that happens. Very possible, but then subject to, of course, the restrictions of supervised release. No, no. Habeas still lies. It's just a question. Mr. Gallagher, I have a question for you. What is there in our precedent about what constitutes a fair and just reason that would support that a non-precedential favorable district court ruling is a fair and just reason? In other words, what have we said about that standard before that helps your argument that once the case lights up the landscape that he should be able to withdraw his plea and engage in motion practice, et cetera? Well, Your Honor, I think if I could address the two parts of your question. The first part of your question was, is there anything in our precedent that indicates that a district-level case can form that basis? Is there any case that is decided in this circuit that says that? No. Quite frankly, no. Now, Ortega-Oscanio talks about St. Cyr, which was a Supreme Court case, which destroyed the underpinnings for that particular conviction and allowed the defendant then to withdraw his guilty plea so he could go back and attack under a St. Cyr theory that his immigration deportation was inappropriate because he was not advised of certain rights. That would be a binding, St. Cyr would be binding. Absolutely. And then there's Knowles, which talks about the circuit level in the Fifth Circuit, the Fifth Circuit case of Lopez where they found the school gun law unconstitutional because of a violation of Congress, which was later approved by the Supreme Court. But in the context of Knowles that we've discussed in our papers, and the government has too, that was a circuit-level case in the Fifth Circuit. Now, there is nothing on point that I've been able to find that says a district-level case has that precedential value as a Supreme Court and a life circuit case. But what I'm saying – It's clearly not binding. It's clearly not binding. But the point that we make for Mr. Ensminger is he presented a plausible legal argument of his legal innocence. And therefore, under the advisory notes and under the language of the cases I've just talked about, because it was a plausible issue, it was a fair and just reason. Is there anything in our precedent that would say that a non-precedential district court case can't be a plausible crime? Well, no. And although I had to unhappily say no before, I can happily say it doesn't go the other way either. Not that I'm aware of. And once again, the government has its opportunity in just a moment. But I don't think that there's anything in the Ninth Circuit that says that a fair and just reason cannot have its underpinning in a district court case. Do you think we'd have to write an opinion on either side of that issue to resolve this case? I think what the court could say is what they said in Ascanio and what they've said in other cases, and that is that there has to be a plausible claim of legal innocence. And that in some cases, such as this case, a district court opinion can present that plausible legal argument in support of legal innocence. I'd like to reserve the rest of my time. Thank you. May it please the court and counsel, my name is Marcia Hurd, and I'm an AUSA from the District of Montana in the Billings Office. This is an interesting appeal in many ways because Mr. Babcock, who wrote the brief for the federal defenders, indicated that he was not asking this court to reach the underlying merits of is powers a good decision or not a good decision. He simply was arguing about whether the court abused its discretion in not allowing him to withdraw his guilty plea. The way that the case is currently postured, then, is an out-of-district, non-precedential district court opinion a fair and just reason to withdraw your guilty plea? And the reality is this man let the deadline for motions come and go, did not file the powers motion that had been filed all over the United States, had been filed by the federal defenders in other cases, decided not to. In Montana as well? Yes. We've actually done 27 of these cases. We've done quite a few of them, and we have probably one of the first ones coming up to this court on appeal that squarely addresses the merits of 2250, the Waibright decision. I've got two district court opinions, and I'm coming out of Montana, one going one way and one going the other. Absolutely. They're both my cases. Waibright saying, you know, 16-9-13 is unconstitutional, and Bardaro, which was the same judge as this one, saying, no, it's absolutely not. Does it matter which side of the Rockies you live on in Montana? I'm not really certain about that. I'm trying to ascertain why Judge Siebel wouldn't have given much deference to Judge Malloy's rule. Well, and actually not only Judge Siebel hasn't, but also Senior Judge Shamstrom has ruled the same way as Judge Siebel, as did Senior Judge Lovell, as did Judge Haddon. So we've got a four-to-one split within the district. Let me ask you this question. Even if it's a non-presidential district court opinion, and even if it's contrary to the weight of authority that is most of the non-presidential, decisions go the other way, why isn't it nonetheless like a fair and just reason to let a guy withdraw his plea and present the issue? Because I think the flavor of the district court's opinion is something to the effect of, you could have done this before, even without the powers decision, and even if you're doing it now, I think the powers decision is wrong. I mean, the judge was very clear about it. But as to the first idea, that he could have done it before, do we want to say someone has to bring every motion even though they have no precedent favoring it? Well, I think in a new area such as this, which 2250A has been, if you want to preserve your right to appeal those issues, the constitutionality of the statute, you need to make the appropriate motion at the appropriate time. And here the defense chose not to do that. The other issue that was raised by the panel with Mr. Gallagher was, is he going to be out of luck if the Supreme Court or the Ninth Circuit gets to a point where they say that 2250A is unconstitutional? And actually he won't be. Under Bousley, B-O-U-S-L-E-Y, which is 523rd U.S. 614, a 1998 decision from the Supreme Court, he would have one year after that decision to file his 2255. So he wouldn't be time barred from being able to do that, and he could file that action. In this case, I think, though, that it's clear by that time frame that he probably has served his time and is already going to be on supervised release. Why, not to give you a hard time, but just to kind of work through my doubts on this, why wouldn't it be a plausible ground to assert a legal theory under which he'd be legally innocent that at least is not totally frivolous theory? Certainly. The Supreme Court has adopted it. Right, because Powers was the first, and there's a total of five district court opinions across the United States holding the statute unconstitutional and something in excess of 85 holding it constitutional. I think that the answer to that is it may have been a reason, but the judge also addressed the reason that he didn't think that that decision was proper in his order denying. He said, even if I thought this was a fair and just reason, I think Powers is flat wrong, and here's why. So he reached the underlying merits of the legal argument as well, and I think he's entitled to do that. Okay, but by doing it that way, the Powers ruling isn't really before us to be appealed. That's correct. Right? That's correct. It's a little strange. It sort of sweeps the issue under the judicial robes in a sense. At this point it does, although I think I have the first one coming up in front of you shortly, the Clifford Eagle case where the constitutionality, both 2258 itself, which is what Powers dealt with, and 16913, which is what Wabright dealt with, are both going to be in front of you in terms of constitutionality, and that was obviously a post-Powers case because the interesting thing is Powers and Waybright don't even agree with each other. Waybright says 2258 is constitutional and Powers says it's not, and so I think that if this court wants to reach the constitutionality question, we're obviously going to need to do some supplemental briefing for you. Any other questions? I don't think the constitutionality question is in front of us on the posture of this case. Absolutely. If he were allowed to withdraw the plea and if he were to go to trial or if he were to present the plea in a different way, perhaps he could then present it. I just don't see it at all presented in any direct way on this record. Correct. So don't worry that we're about to decide whether it's constitutional under this case and in this posture. Okay. Any other questions from the panel? Well, I want to kind of follow along the line that Judge Gould was following. I'm trying to figure out, not so much the case law, this is to say the case law that we now have, every case that I've seen where a withdrawal of plea is allowed based upon some change of law or some change of probable change of law, there's been a more dramatic change than this. I think that's a fair description of the case. Absolutely. Usually pretty much a 180. I've got a somewhat different question, though, and that is, the statute speaks in terms of fair and just. I'm trying to understand what's the practical harm in allowing a withdrawal of a plea in a circumstance such as this? The practical harm, I guess really it isn't a huge practical harm in all reality. It is somewhat an exercise in futility because of the court's ruling in Vardaro, the subsequent case to this, and in its own order saying, I don't think this is a fair and just reason because I don't think the statute is unconstitutional. But, of course, that's just what he thinks, and he's entitled to his opinion. Right. He's a fully, this is with all the powers of Article III judge. He will decide the question, as indeed Judge Siebel did. Right. It goes up on appeal to us. Certainly. We're not final either. I mean, sooner or later somebody's going to tell us. Right. But, in a sense, it doesn't quite matter what he thinks. So once a plausible argument shows up, and I'm willing to assume, okay, I guess the judges in Florida know something, so it's plausible. Winner or not, I don't know. Why not? Well, and I don't think I can argue that there's any huge practical harm here because what will happen if you reverse this and send it back, he will be allowed to withdraw his guilty plea. He'll file the powers motion. It will be denied by Judge Siebel, and we'll be back up here on appeal. And at that point, I assume that will be some period of time down the road, then there should be a settled panel opinion from this court, probably in the Eagle case or one of the others we have pending. So it's hard to say that as a practical matter. After a motion was denied, he would either go to trial or he could negotiate a plea agreement then, couldn't he? That's true. And honestly, with the court, we have been doing conditional plea agreements to allow people who've raised the motion and briefed the motion to be able to hold that in abeyance, if you will, so that the Ninth Circuit can make that decision. So when did you start negotiating the plea agreement that says, okay, I plead guilty, but I save out the question of the constitutionality of the statute? If the statute's held constitutional, of course the plea stands. And if it's held unconstitutional, I'm out of here. It's post-Waybright and post-Vardaro because those are the two opinions within the District of Montana that say specific, that really in a very lengthy fashion addressed 2250A and 16913. And so it's post those cases, which are significantly post this case. So as a practical matter, with this case in this posture now, if we were to hold that he should be allowed to withdraw his plea, what would happen is he'd probably reenter a plea, but saving out that question, although he himself wouldn't be the person to litigate it, it's already on its way up in these other cases. That as a practical matter is what would happen. That's the practical matter if you find that the judge has abused his discretion here. But that's kind of the beginning question is, did the court abuse its discretion? Well, I mean, this gives me an idea. Suppose that we simply vacated submission on this case pending the future panel decision. Are those cases set for argument? No. The case that I'm aware of that would probably be the first in the Ninth Circuit is a case out of the District of Montana that's styled U.S. v. Eagle. Notice of appeal was just filed about three weeks ago, and a briefing schedule is set. A couple months off from even assigning it. Absolutely. And to the best of my knowledge, that's the first opinion because Eagle was another one of Judge Siebel's rulings that rejected Waybright and adopted the Vardaro ruling. I assume Mr. Gallagher will not think that this is such a great idea because his client is going to be sitting in prison in the interim. I would assume. But that is also an option. But, again, we have to get past the hurdle of do you think that the court abused its discretion in not allowing the withdrawal of the guilty plea?  I come asking myself, when should a judge refuse to let someone out of a plea who has a plausible legal argument that some court has brought that could have been brought earlier but they didn't, like they didn't bring a motion on it when they had no authority. Now they'd like to because they have like a glimmer of authority, and the precedent doesn't answer that. So we'll figure out what to say. Okay. Thank you. As far as I realize, I have 26 seconds left. So quickly, I would ask the court not to vacate submission of this case and await the decision in Eagle or any other case because as the history in Waybright shows, there were appeals filed in Waybright both by the government and by the defense, and even though that case went out in our favor, and then the case was voluntarily dismissed by the parties. So we may be waiting for Eagle as we waited for Waybright. At any rate, I think this case focuses on, just as Judge Gould said, whether or not that fair and just reason can arise from a district-level case that gives someone a plausible legal argument to raise his legal innocence. Thank you very much, Your Honor. Okay. Thank both of you. Nice arguments. United States v. Enslinger is submitted for decision, and Enslinger is now finished. I've got a question for you that's unrelated entirely to Enslinger, Ms. Hurd, and that is undoubtedly you remember the Ziegler case, a hard-fought case. My question is not with respect to the case. Do you know what Mr. Ziegler's status is now? Have you followed him at all? Yes, I understand that he is living in Florida, and I believe that he's no longer even on supervision. So he's no longer on supervision? Okay. Thank you. We are on adjournment until tomorrow morning.
judges: Fletcher, Gould, Tallman